UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 24-2261 (DSD/DTS)


Milford Matzke Jr.
And Brenda Matzke,

　　　　　Plaintiffs,

**ORDER**

v.

City of Norwood Young America
and Andrea Aukrust,

　　　　　Defendants.


This matter is before the court upon the motion for summary judgment by defendants City of Norwood Young America (City) and City Administrator Andrea Aukrust.[1]  Based on a review of the file, records, and proceedings herein, the court grants the motion in part and denies the motion in part.


**BACKGROUND**

This property dispute arises from the City's 2022 street and utility reconstruction project (Project) during which the City removed a row of trees, a sidewalk, and a concrete wall on the Matzkes' property.  According to the Matzkes, the City's encroachment and subsequent excavation on their property

---

[1]   The court will refer to defendants collectively as "the City," unless a finer distinction is required.

constituted a taking for which they are entitled to be compensated. The City maintains that the work was permissible and non-compensable because it was performed within the public right-of-way easement.

The Matzkes purchased the property in 1996. Merwin Decl. Ex. B, at 21. Their title to the property was drawn "according to the plat thereof on file and of record office Register of Deeds, Carver County, Minnesota." Id. at 15. The plat itself was drafted in 1857 and, in 1927, was recopied and certified by Carver County in 1927. Id. at Ex. 1, 3-4. The copies of the plats are nearly impossible to read and construe.[2] See id. Ex. 1.

Long before the City began the Project, the Matzkes were cited by the City for various code violations relating to the property. Specifically, in June 2001, the City informed the Matzkes that they were in violation of a City code prohibiting accumulation of refuse on the property. Id. Ex. C. Then, in 2005 and 2012, the City repeatedly advised the Matzkes that they could not keep a vehicle under a tarp in their front yard. Id. Exs. D-F. In 2017 the City cited the Matzkes for piling up weeds and dead trees on the property. Id. Ex. G. And, in June 2020, the City cited the

---

[2] Given the issues with the plat, the court concludes that the alleged location of the City's right-of-way easement cannot be determined without determining disputed facts. As such, it will not detail the parties' positions and evidence on this issue.

Matzkes for having grass and weeds exceeding six inches in height, in violation of City code.  Id. Ex. H.  Although the City notified the Matzkes of these many code violations, it appears that the City did not fine the Matzkes or take further action.

Beginning in late 2021, however, the City made a policy decision to make code enforcement a priority.  This decision coincided with the City hiring of Aukrust in December 2021 and a code enforcer officer in 2022.  Aukrust Dep. at 8:10-20, 19:8-21, 30:7-25.

Between August 2022 and September 2024, the Matzkes received numerous letters from the City citing code violations relating to grass, weed, and tree overgrowth and yard junk and debris.  See Merwin Aff. Exs. Q-X.  Mr. Matzke testified that, at least as to mowing and trimming the yard, he failed to comply because, in his view, it was the City's responsibility given its position as to the easement at issue.  See M. Matzke Dep. at 84:23-87:6.

On May 10, 2024, the Matzkes commenced this action in Carver County District Court.  The City timely removed the case to this court.  The complaint alleges a governmental taking under the Fifth and Fourteenth Amendments of the Constitution; a governmental taking under the Minnesota Constitution; trespass, conversion, promissory estoppel under Minnesota law; and First Amendment

3

retaliation under 42 U.S.C. § 1983.  The City now moves for summary judgment.

**DISCUSSION**

## I.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S.C § at 324.  A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element

of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

## II. Takings and Tort Claims

There is no dispute that the takings and state law claims turn on whether the City had a right-of-way easement to perform work on the Matzkes' property. As noted, the 1856 property plat and 1927 recopying of the plat are, at best, difficult to discern. As such, the court cannot base its decision on the plat alone, which would generally be appropriate. Further, the other facts presented as to these claims are disputed and therefore do not allow the court to determine the claims on summary judgment.

## III. Retaliation Claim

The Matzkes allege that the City engaged in first-amendment retaliation by citing them for code violations after they sent a letter to the City on February 15, 2023, demanding compensation relating to the Project. See ECF No. 101, at 26-27.

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions ... on the basis of his constitutionally protected speech." Osborne v. Grussing, 477 F.3d 1002, 1005 (8th Cir. 2007) (quoting

Hartman v. Moore, 547 U.S. 250, 256 (2006)).  To state a claim, the Matzkes must show that they have "been singled out for prosecution while others similarly situated have not been prosecuted for conduct similar to that for which [they were] prosecuted [and] that the government's discriminatory selection of [them] for prosecution was based upon ... [their] exercise of [their] First Amendment right to free speech." Id. at 1006 (alteration in original) (citation omitted).

The evidence does not support the Matzkes' claim.  First, the evidence shows that the Matzkes were consistently subject to City action long before the Project began and long before they sent the February 2023 demand letter.  Second, the record establishes that other City residents were subject to the same kind of City action for similar code violations.  See Merwin 2d Decl. Ex. DD.  Third, there is no dispute that the City increased its enforcement efforts in 2021 as a policy matter, rather than in response to the Matzkes' previous and ongoing code violations.  This adequately explains why the Matzkes faced more robust financial consequences thereafter.  Under these circumstances, no reasonable juror could conclude that the City retaliated against the Matzkes in the manner alleged.

6

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that the motion for summary judgment [ECF No. 22] is granted in part and denied in part as set forth above.

Dated:  June 16, 2026          /s *Paul A. Magnuson* for
                               David S. Doty, Judge
                               United Stated District Court